# John Hare v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

*Highway—Change of grade—Railroads—Measure of damages.*

A railroad company is liable for damages arising by reason of the depreciation of an abutting owner's property by reason of the change of grade of a street made by the railroad company to suit its convenience.

The true rule in such a case is, where the property is damaged by an embankment, that the owner who is injured shall be compensated in the amount of the depreciation in the value of his property.

Argued April 11, 1899.   Appeal, No. 30, April T., 1899, by defendant, from judgment of C. P. No. 3, Allegheny County, August Term, 1897, No. 395, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by ORLADY, J.

Trespass.   Before PORTER, J.

It appears from the evidence that in the year 1896, the defendant company seems to have contemplated a change in the location of a road, a part of which ran through the borough of Sheraden and in front of this tract of land in question which had been subdivided into lots.   They did not contemplate a change in the location of the road immediately in front of these lots, but at a point further east, where the road approached the bridge, they desired to change the location, moving it up further on to the hill, and it would have to be graded up at that point and filled down in front of that portion of the road in front of this plan of lots, on that portion of the road which was not changed, so as to make the portion of the road unchanged conform in grade to the new portion of the road.   The whole road, the old road as well as the new, was upon the land of the defendant company.   They began this work, and after it had been carried on for some time, the borough authorities passed an ordinance relocating this road or street, which was called Chartiers or Pittsburg street, making it to conform to the location upon which this work had been done and establishing a grade for the street.

This action is brought by the plaintiff to recover damages

resulting to his property from this change of the grade of Pittsburg street, that is, for damages to such of the lots upon the plan as were then in his possession and ownership.

The court below refused binding instructions for defendant and charged the jury in part as follows:

[The true rule in such a case is, where property is damaged by such an embankment as this, made under such circumstances, that the owner who is injured shall be compensated in the amount of the depreciation in the value of his property. If before the grade was changed, a property was worth $5,000, and if immediately after the change, and because of the change, it was depreciated in value so that it would only be worth in the market fairly $4,000, then a party would be damaged $1,000.] [3]

[You must determine, under the testimony, gentlemen, in case it becomes necessary for you to inquire what filling would cost there, what would be a fair price for the filling, and bear in mind that that is not the ultimate object of your inquiry, what the cost of filling was, or what it would cost to fill these lots, but that is to be considered by you as one element in determining whether these lots were depreciated in value, and if so, how much. If you find that they were depreciated in value by this filling, and were worth less in the market because of the filling, then the plaintiff is entitled to a verdict in the amount of that depreciation in value.] [4]

Verdict and judgment for plaintiff for $759. Defendant appealed.

*Errors assigned* among others were (1) in refusing binding instructions for defendant. (3, 4) To portions of the judge's charge, reciting same.

*W. S. Dalzell,* with him *Scott & Gordon,* for appellant.—The mode of estimating damages applicable to cases of taking under the power of eminent domain, is not ordinarily applicable to actions of trespass. For an injurious trespass the measure of damages is the cost of remedying the injury, unless that equals or exceeds the value of the thing injured, when such value becomes the measure: Lentz v. Carnegie, 145 Pa. 612.

The above rule is established by a long line of cases from Seely v. Alden, 61 Pa. 302, down to Elder v. Lykens Valley Coal Co., 157 Pa. 490.

We think from what we have already said it is clear that we cannot possibly be held to have changed the grade in front of plaintiff's property under the power of eminent domain, for we had no such power. If this be true, then the learned court erred in holding the jury to the measure of the depreciation in value of the plaintiff's land: Thompson v. Traction Co., 181 Pa. 131.

The work done upon the street in front of plaintiff's property was done under lawful authority.

It is an uncontroverted fact that the borough of Sheraden passed an ordinance on the 15th of October, 1896, straightening and fixing the grade of Chartiers avenue. It is also uncontroverted that Chartiers avenue was straightened and graded in conformity with said ordinance.

That the borough had the power to straighten and fix the grade of the street is a proposition which cannot be denied. We submit therefore, that by whomsoever the work was done, whether by an individual or the railway company, it was done with the consent or the subsequent ratification of the borough.

*Wm. H. McClung*, for appellee.—Whether the action of the railroad was in the exercise of the right of eminent domain or a trespass pure and simple the measure of damages is the same— the difference in value of the property, not the cost of the removal of the obstruction. In Thompson v. The Traction Company, 181 Pa. 131, the traction company had without authority made a fill in the road in front of the plaintiff's property. The court below instructed the jury that the measure of damages was the depreciation in the value of the property. The court above in affirming the court below said: " The plaintiffs were justified in regarding the railway as a permanent structure, an additional and continuing servitude on their land within the highway. . . . No good reason appears for holding that the ruling and instructions in regard to the measure of compensation were erroneous."

OPINION BY ORLADY, J., July 28, 1899:

In order to facilitate its increasing business the defendant purchased a tract of land at Sheraden station upon which

there was located a public road, and in order to adapt the land to its purposes, the public road was relocated and an overhead bridge was constructed to carry the road over the railroad tracks. Subsequently the borough of Sheraden was erected, and it included within its boundaries the land purchased by the railroad company, the relocated public road becoming a public street of the new borough. After these changes were effected the plaintiff purchased a tract of land adjoining the railroad, and the public road was a common boundary between the plaintiff and the defendant.

To meet the exigencies of the railroad company the location of the public road was changed several times, until in 1896 a final location over hilly ground was adopted, but, in order to make an easier grade for local travel and a street railway company, it was necessary to change the natural grade of the road. There were conferences between the railroad company and the borough officials in regard to the change of grade, and the suggestions of the railroad company were adopted in every respect. A futile attempt was made to enact an ordinance so that the change of grade should be made apparently by the borough, but it is manifest that the ordinance was simply a means to an end, as the change was made at the instance of, and for the benefit of, the railroad company. The surveys and grades were settled by its engineers, who located and determined the work on the ground, which work was done under a contract with the company.

In the doing of this work it was necessary to change the grade of the public road in front of the plaintiff's premises by making an embankment which varies from ten to fourteen feet in height. It is conceded that the plaintiff has suffered damage by the change of grade, and the only questions are as to who is liable for the damage and how should they be assessed. The action is in trespass, and the right to recover damages from a street railway company when the latter locates and constructs its railway on a public road without the consent of the abutting property owner, is so clearly established in Penna. R. Co. v. Duncan, 111 Pa. 352, Jones v. R. R. Co., 151 Pa. 42, Penna. Co. v. R. R. Co., 151 Pa. 339, Thompson v. The Citizens' Traction Company, 181 Pa. 131, and Becker v. Lebanon, etc., Street Railway Company, 188 Pa. 484, 492, and the cases

therein cited, that it is not necessary to look for further authority to sustain the proceeding. While the borough and the street railway company were associated with the defendant in the trespass they were so in name only. The plaintiff is powerless to change the embankment, which is a permanent structure, an additional and continuing servitude on his land within the highway and within his property lines.

The rule by which the damages should be ascertained was correctly stated by the learned trial judge in the charge covered by the third and fourth assignments of error.

The judgment is affirmed.