JEFFERSON and PONTCHARTRAIN RAILROAD COMPANY *v.* THOMAS HAZEUR & CO.

On an application by a railroad company to expropriate lands, if it should appear that the company has already a sufficient quantity for its purpose, the court should refuse an order to summon a jury to assess its value; and should such an order be improvidently granted, before action upon it, it is proper for the court to rescind it.

Upon such an application it is not necessary for the owner to raise the objection, in his pleadings, that the company has already land enough for its purpose. The court, upon ascertaining the facts, will act upon them and refuse the order, or if granted, rescind it.

The right of expropriation should only be enforced by inches, and upon conclusive proof of the necessity upon which it rests.

APPEAL from the District Court of the Parish of Jefferson. *Benjamin* and *Micou*, for plaintiffs. *Ogden* and *Duncan*, for defendants. By the court:

Rost, J. We concur with the district judge, that the plaintiffs have not made out a case which entitles them to the order for which they applied, for the purpose of expropriating the defendants' land. The tract of land which they already own, and through the centre of which the railroad passes, is three hundred and eighty-three feet wide, and has that extent of front on Lake Pontchartrain. Their charter limits the right of expropriation, which it gives them to the width of one hundred feet for the railway, and to such lands as may be necessary for car-houses and other works connected with the railroad. In the absence of all proof to the contrary, the district judge correctly considered the land already owned by them as sufficient for all those purposes.

It is said that the defendants have not raised this objection in their pleadings. We think that when application was made to the district judge *ex parte* for an order summoning a jury of commissioners to estimate the land of the defendants, it would have been his duty to refuse it if he had known, at the time, that the plaintiffs had sufficient land of their own; and as he ascertained, before any action was had on the order, that it had been improvidently granted, he acted properly in rescinding it and dismissing the petition.

The right of expropriation should only be enforced by inches, and upon conclusive proof of the necessity upon which it rests.

The judgment is affirmed, with costs.

Slidell, J. The case came before us on exceptions taken in *limine litis* to a petition for expropriations under a special act. See Acts of 1840, p. 86, sec. 13.

The district judge dismissed the proceeding.

Without expressing an opinion upon other points, I consider it a sufficient reason for not disturbing the judgment, that one of the exceptions is well taken. The survey annexed to the petition does not comply with that portion of the requisition contained in the 13th section, which relates to the quality of the land proposed to be taken, and the improvements thereon.