## Penna. Co. for Ins. on Lives & Granting Annuities, Trustee, v. Penna. Schuylkill Valley R. R. Co.

[Marked to be reported.]

*Eminent domain—Railroad—Damages—Abutting owners.*

Property entitled to damages by reason of the exercise of the right of eminent domain must be either that which is actually invaded or that which abuts upon a highway that is invaded. A person who is not the owner of land abutting upon a street which has been appropriated by a railroad, has no right to recover damages upon the ground that the street has been made inconvenient and dangerous to travelers over it.

A lot owner whose lot does not approach nearer to the line of a railroad than from one to two hundred feet, but who is within reach of the noise and dust produced by the ordinary operations of the road, may not recover damages for the consequential injury sustained by reason of such noise and dust.

*Lots connected by private or public way.*

Two distinct tracts of land connected only by means of a way, whether private or public, cannot be treated as one in the assessment of damages.

Plaintiff owned a tract of land abutting on a public street occupied by the defendant's railroad. He also owned another and larger tract separated from the first by the land of another owner. The second tract did not abut on the street, but was connected with the first tract and with the street by a private way, twelve feet wide over the intervening tract. *Held,* that plaintiff was not entitled to recover damages for injuries to the second tract.

Argued Feb. 19, 1891. Appeal, No. 281, Jan. T., 1891, by plaintiff, as trustee under the will of Benj. Brannan, from

judgment of C. P. Schuylkill Co., Jan. T. 1889, No. 124, on verdict for plaintiff. Before Paxson, C. J., Sterrett, Williams, McCollum and Mitchell, JJ. Reargued Feb. 15, 1892, before Paxson, C. J., Sterrett, Green, Williams, McCollum, Mitchell and Heydrick, JJ.

Trespass on the case to recover damages for injuries to plaintiff's land by reason of the construction of defendant's railroad.

At the trial, before Green, J., the evidence was to the effect that in May, 1856, Benjamin Bannan and Thomas I. Atwood, being tenants in common of a tract of land in Pottsville, made partition, Bannan taking the northern and southern portions and Atwood taking the land between these portions. In Atwood's deed to Bannan for the northern portion there is an express grant of a right of way twelve feet wide to Coal street over the land taken by Atwood. In Bannan's deed to Atwood for the middle portion there is a reservation to Bannan and his heirs and assigns of the same right of way to Coal street. In 1884 defendant company constructed the railroad on Coal street on which the southern portion of the Bannan land abutted, leaving only sixteen feet between its road and the entrance to the way. The declaration described both tracts as abutting on Coal street and claimed damages for injuries to both. Other facts appear by the opinion of the Supreme Court.

The plaintiff having offered the various deeds showing grants and reservations of the right of way from the northern to the southern lot proposed to prove that the ten acre piece had been used by Mr. Bannan in connection with the greenhouse on the homestead as a nursery ground; that the road or right of way would connect with Greenwood avenue, a street laid out on said ten acre tract, and connect it with Coal street, thus forming the most direct and convenient means of egress from said property to Coal street; that said right of way as reserved joins the road from the homestead property, and they as one road pass through the gate to Coal street; that the Pennsylvania Schuylkill Valley R. R. Co., by the construction and operation of its road on Coal street, has made it inconvenient and dangerous to gain access to and use this right of way,

and thereby the market value of said ten acre tract has been greatly depreciated and reduced.

Objected to by defendant so far as it relates to the ten acre tract as being incompetent, immaterial and irrelevant.

The Court: The plaintiff cannot recover damages for injury to the property lying north of the Whiting (Atwood) property; the question must be confined to the homestead property. Exception.

Verdict and judgment for plaintiff for $3,900. Plaintiff appealed.

*Error assigned* was the refusal of plaintiff's offer involving (1) the ruling as matter of law that the plaintiff was entitled to no damages for injuries to the northern lot by the construction and operation by defendants of their railroad on Coal street, because said lot did not abut on that street; (2) and that this was the law notwithstanding the fact that said lot was connected with Coal street, by a road or right of way reserved by deed and in active use; (3) the rejection of all testimony offered by plaintiff to show the extent of injury to said northern lot.

*Mason Weidman,* for appellant.—Plaintiffs have a right under the constitution to prove a legal injury to their property. The injury in this case is the construction of the railroad on Coal street in such a way as to interfere with the access to the northern lot by a private road which has been expressly reserved in all the conveyances, on account of its value and convenience.

Even if the northern lot does not abut on Coal street, still plaintiff is entitled to damages for interference with his easement: Monongahela Nav. Co. v. Coons, 6 W. & S. 101; Penna. R. R. v. Marchant, 119 Pa. 554; Reading v. Althouse, 93 Pa. 400; Delaware County's Ap., 119 Pa. 159.

*Guy E. Farquhar,* for appellee.—The claim is not covered by the declaration. The northern lot is situated on Jackson street and not on Coal street, as averred in the declaration. Another suit might be brought for the same property, describing it as situated on Jackson street. The allegata and probata must agree: Cleaver v. Garner, 133 Pa. 419.

The railroad was not built upon any portion of plaintiff's

right of way.   The plaintiff's rights on Coal street, as far as right of way is concerned, are no greater than those of other citizens.

The damages claimed were not such as are contemplated or meant under the term "consequential" as used in the constitution of 1874: Penna. R. R. v. Marchant, 119 Pa. 558.

OPINION BY MR. JUSTICE WILLIAMS, October 3, 1892.

The plaintiff holds the title to two pieces of real estate in the borough of Pottsville.   One of these known as the Bannan homestead has a front on Coal street over part of which the defendant's road has been built.   The other contains several acres, has been laid out into building lots fronting upon Jackson street and two or three other streets, and is separated from the homestead lot by an intervening tract known as the Whiting tract.   It does not front upon Coal street, but at its nearest approach thereto has a tier of lots from one to two hundred feet in length between its lines and the street.

In this action the plaintiff seeks to recover damages by reason of the location of the defendant's railroad over part of Coal street.   A recovery was had for the damages sustained by the Bannan homestead, but the learned judge of the court below instructed the jury that there could be no recovery of damages for the alleged consequential injury to the larger tract because it did not abut on Coal street along which the railroad was built.   This instruction is the error assigned.

The general question thus raised is whether a lot owner whose lot does not approach nearer to the line of a railroad than from one to two hundred feet, but who is within reach of the noise and dust produced by the ordinary operations of the road, may recover damages for the consequential injury sustained by reason of such noise and dust?   If so, it is not easy to see why all citizens of Pottsville living near enough to the line of defendant's road to notice the noise and smoke and dust of its trains, might not sustain an action.   But the question is not now an open one in this state.   It was fully considered and distinctly ruled in Lippincott v. The Pa. Railroad Company, 116 Pa. 472, and in Marchant v. The Railroad Company, 119 Pa. 541.

The appellant seems to have been of this opinion, for it sought

to escape the force of the rule laid down in those cases by showing the existence of a right of way across the Whiting tract, twelve feet wide, by means of which it was alleged that the larger tract was connected with the smaller so that they were to be treated as one.

It was further alleged that as this alley connected with the private way from the Bannan homestead to Coal street, so that the owner had access to Coal street by means of the alley to the private way and thence over that way to the street, the larger tract became thereby an abutting tract upon Coal street with the same right to recover as though its lines had extended to and along that street.

The proposition that two distinct tracts of land connected only by means of a way, whether private or public, cannot be treated as one for the assessments of damages is well settled. If it was otherwise how long may the way be? Over how many intervening lots or blocks or tracts of land will an " alley twelve feet wide " draw the tract of land at its farther end? If the owner of the homestead lot had other tracts connected by grants of a right of way with this alley, would the alley unite all these outlying properties with the homestead so that they could be taken into account for an entry on the homestead lot alone?

But the plaintiff insists that, however this may be, the alley certainly makes the larger tract an abutting property on Coal street. If it cannot be treated as part of the homestead by means of the private way, then it is brought into a position to claim damages independently as abutting on the street over which defendant's road passes. But it must be remembered that the grant under which this right is asserted is a grant of a right of way only. The way is of no higher order than a public way. It affords one means of access to Coal street. The right of the grantee is a right to reach Coal street by this route so far as the rights of the grantor over the intervening land are concerned.

Now an abutting owner owns, subject to the public right of passage, to the middle of the street on which his lot fronts, and a railroad laid upon the street may be said to take from him and to interfere with access to his property fronting the street. But persons who are not abutting owners and whose only right in the street is to come upon and pass over it are

affected as other citizens are by whatever affects the street. The municipal authorities of Pottsville have permitted the defendant company to occupy part of Coal street with their tracks, reducing the width of the traveled roadway to about fifteen feet. This involves some public inconvenience from which all who use the street must suffer. It involves some private injury which affects lot holders on that part of the street occupied by the railroad. The plaintiff belongs to the first of these classes. No part of his land is taken or injured. No part of his private alley has been disturbed. No cut or fill has shut it up, or cut it off from Coal street. His land and his way are precisely as they were before. The change in his situation consists in this ; that after passing over his private way to Coal street he finds himself in a street which has been reduced in breadth and which has been rendered insecure for travel behind horses that are afraid of the cars, by reason of the nearness of trains. In other words, his ground of complaint is that a public street has been made inconvenient and dangerous to travelers over it, of whom he is one. But this complaint will not give a right to recover. If it would every citizen whose business makes it desirable for him to use Coal street would have an equally good cause of action. It is an injury to property, to a particular piece of property as such, that gives a right of action.

As a general proposition the property must be that which is invaded in the exercise of the right of eminent domain, or that which abuts upon a highway that is invaded. Of the latter class was Walsh v. The Pa. Schuylkill Valley Railroad Company, 124 Pa. 544. The plaintiff's property was upon a street corner in that case and the railroad was built along one street close to the curbstone, and across the other, thus obstructing access to the property. So in Duncan v. The Pa. Railroad, 111 Pa. 352, the structure complained of was in the street on which plaintiff's property had a front and extended to and within the line of the curbstone, preventing access to the plaintiff's property.

Our attention is called to Coons v. The Monongahela Navigation Company, 6 W. & S. 101, as authority for the proposition that it is not necessary the property alleged to be injured should adjoin or have any physical relation to the defendant's works ; but no such rule is held in that case. The facts were

that the defendant built a dam in the Monongahela river which caused the water to set back in a tributary of the river and drown the plaintiff's mill-wheel. Here was a connection between the act of the defendant and the loss of the plaintiff. The erection of the works of the Navigation Company were intended to raise, and did raise, the level of the water in the river. The injury was caused by the water thus raised, and set back so far as to reach and drown the plaintiff's mill. The Navigation Company forced the water back against the plaintiff's wheel. The relation between cause and effect was a visible one and the injury was actual, physical, and permanent. But no such facts exist in this case. The plaintiff's land with all that is upon it or under it is just as it was before the railroad was built. He has the same modes of access to it as before. The only difference that can be suggested is the difference in the condition of a public highway to which he has a right of access over another man's land, and in which he has the same interest with other citizens who do not live upon it, but have access to it by means of public or private ways. This street is less desirable and less secure for travel, than it was before it was made so narrow, and a part of its surface given up to the movément of trains. More care is necessary in driving upon it, and in turning into and out of it than before, but it is still a public street in constant use for teams and pedestrians who prefer to take the chances of travel upon it rather than avoid it by adopting a more circuitous route. The plaintiff suffers in common with all who use it, from fear of accident. It is disagreeable to suffer fear, to be in dread that your horse may take fright, or that the horse of some other traveler may do so, and that so personal loss or harm may come to you; but I know of no ground on which the nervous or timid traveler can rest a claim for damages for such an injury. It was clear upon the testimony that neither the larger tract nor the private alley leading from it to Coal street had been taken, injured or destroyed by the defendant in the construction of its road and the court was right in refusing to submit any question of damages done to said tract or way to the jury.

The judgment is affirmed.

Mr. Justice Sterrett and Mr. Justice Mitchell dissent.