The opinion of the court was delivered by
Parlange, J.
Relators allege that seven suits for the expropriation of lands belonging oo them have been brought against them by the Laurel Valley & Rousseau Station Railroad Company, “ a pretended corporation claiming to have been organized under the laws of this State for public purposes, to-wit: to carry freight and passengers from the Laurel Valley plantation, in Lafourche parish, to and from Rousseau Station, a flag station on the Southern Pacific Railroad.” That the district judge endorsed on each petition an order allowing the same to be filed, and directing the clerk of court to give notice, according to law, to the owners of the lands described in the petition; that a copy of said order was served on each of said relators, and thai if any other order exists, the same has not been served on relators; that citations were served on them to appear at chambers in the town of Thibodaux on a specified day, said citations stating that the cases were to be tried then and there before a jury, but that no hour was fixed in said citations, nor was any order of court served upon relators showing that tile trial of the cases had been fixed for said day and wás to be had at chambers, and that the cases were to be tried by a jury. That on the day specified relators appeared before the court at chambers simply to except and protest that the plaintiff in said suits is not a corporation organized for public purposes, but is a combination of individuals whose sole *1296 object is to foster the private ends of two certain persons named, who own jointly two sugar plantations in Lafourche parish, about five miles distant from one another, and who wish to transport the sugar cane grown on one of the plantations to the refinery situated on the other. That relators protested against the trial out of regular term time of the issue raised by them, and claimed the right to issue commissions to take the testimony of witnesses residing out of the parish for the purpose of proving relators’ contention. That the district judge overruled the protest, refused to allow the commissions to issue, and insisted on proceeding at chambers to the trial of said exception and of the merits of said causes. Relators pray for writs of certiorari and prohibition, and that all said proceedings at chambers be set aside.
The district judge answers that said suits were filed in court on June 15, 1893, after he had endorsed on the petitions therein an order directing the clerk of court to file the same and to give notice to the owners of the different parcels of land. That on July 7, 1893, under Sec. 1480, Revised Statutes, at the court house, in the room appropriated to the regular sessions of the court, the causes came up for trial in chambers, the court not then being in term time. That relators excepted that the plaintiff in the suits was not a public corporation, but a private enterprise, and that relators were entitled to a delay to take out commissions to prove this fact, and that the issue could not be tried at chambers. That after argument respondent ruled that the issue could be tried at chambers; that he refused the delay asked for, because the facts desired to be proved by non-resident witnesses could be as easily and as conveniently proved by witnesses residing in the parish, but he granted time to procure the attendance of the latter.
The railroad company answers that it is a corporation duly established under the law of the State; it declares itself to be a common carrier and its roadbed a public highway, under Arts. 243 and 244 of the Oonstittition. It avers that it was lawfully proceeding to expropriate the lands of different persons to obtain its needed right of way. That the charge that it is a private concern is untrue, as will be conclusively proved on the trial of the suits. That it has so far been unable to introduce its evidence on the issue raised. That the matter was being heard on relators’ exceptions, when relators, who had not concluded their own testimony, by application to this court for writs *1297 of certiorari and prohibition, prevented the respondent corporation from making any proof. That all of said suits are appealable to this court. That the capital stock of said corporation amounts to §15,000, and that all of its rights will be destroyed unless it can expropriate the lands between its termini. That the issuance of the orders from this court has damaged said corporation in the sum of §2500, which it prays may be awarded to it, if it is within the power of this court to do so.
The president of said corporation has filed a sworn statement in this court that the interest of the corporation in each of said suits amounts to §15,000, the full value of its stock.
The property of the citizen can not be taken from him “ unless for purposes of public utility.”
“Private property shall not be taken nor damaged for public purposes without just and adequate compensation being first made.” Constitution, Arts. 155, 156; Civil Code, Arts. 497, 2626, et seq. Art. 11 of the Constitution declares that “ all courts shall be open and every person for injury done him in his rights, lands, goods, person and reputation, shall have adequate remedy by due process of law, and justice administered without denial or unreasonable delay.” In the case of New Orleans Pacific Railway Co. vs. Gay, 32 An. 474, this court said:
“ To entitle the public to take private property two things are necessary: first, the interest of the public must require it, and second, adequate compensation must be made.”
Relators have the undeniable right to contest'in the courts with the railroad company the question whether its purpose is one of public utility, and whether the use to which it seeks to put relators’ property is a public use.
What constitutes public utility and public purposes is for the courts to determine. Lecoul vs. Police Jury, 20 An. 308; Lewis on Eminent Domain, See. 148.
“ Where, under a general railroad law, a road is built for private use, its operation may be enjoined at the suit of an individual, or the franchise annulled at the suit of the people.” Lewis on Eminent Domain, Sec. 170.
But it does not follow that relators are entitled to the relief they ask. Since the decision of this court in the case of Telegraph Co. vs. Railroad Co., 39 An. 659, in which it was held that suits for the *1298 expropriation of property could not be tried at chambers, Act 182 of 1890 has been passed, providing that whenever any proceeding is instituted under Secs. 1479, 1480 and 1481 of the Revised Statutes for the expropriation of lands for public purposes the suit may be tried in vacation.
Relators contend that Act 182 of 1890 does not apply to the suits brought against them, because they are suits to expropriate their lands for private purposes. But this contention is without force. The suits, whether well founded or not, are within the description of the suits which the act makes triable in vacation, and the district judge had the right to try them at chambers, as also the issue raised by relators.
This court has held that it would not issue the writ of certiorari unless the proceedings are void on their face. The proceedings in this matter are not void; there is no arbitrary action here which entitles relators to the writ. The jurisdiction of the District Court is clear and the writ of prohibition does not lie.
We have no occasion in these proceedings to review the refusal of the district judge to allow the commissions to issue to take the testimony of non-resident witnesses, or the correctness of his rulings during the hearing of the issue raised by relators, to which rulings they reserved bills of exception. Such an inquiry would pertain to a court in the exercise of its appellate powers.
The district judge gave relators timely notice of the proceedings. It was fully effectual in causing relators to appear in ample time to make any defence they might have. Relators’ counsel state in their brief that they convinced the district judge that the issue raised was a judicial question. The district judge ruled however that the issue was triable at chambers, and proceeded to try the same. While he refused the delay for the issuance of the commissions he granted time to relators to summon their witnesses. These were heard during two days, and until the proceedings were arrested by the order of this court. Relators seem to have interrupted the hearing of their own evidence. The railroad company has not yet had an opportunity to produce evidence. It may be that relators will succeed in maintaining their position before the district judge. Three of the cases are conceded by relators to be appealable to the Court of Appeals. The railroad company urges that all the cases are appeal-able to this court, and that any error in them can be remedied here *1299 on appeal. However this may be, it is clear that relators are not entitled to the writs.
Application dismissed at relators’ costs.