JAMES E. WELLINGTON & others *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    January 9, 10, 1895. — October 17, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Land Damages — Railroad — Division of Tract into Lots.*

At the trial of a petition for an assessment of damages sustained by the taking, for the purposes of a railroad, of a portion of a large tract of land, if it appears that the other land of the petitioner not taken had been made separate and distinct parcels by transforming the locality into a village with wrought and travelled streets, and making all the land not included in the streets into exactly defined house lots, some of which had been sold to other persons, and each of which then owned by the petitioner was held for separate sale, no special or peculiar damage to his land not taken, except to his lots immediately adjoining the parcels taken or abutting on the same street with the railroad, can be recovered.

PETITION to the county commissioners for a sheriff's jury, to assess the damages sustained by the taking by the respondent of the petitioners' land in that part of Medford called

Wellington.   After the former decision, reported 158 Mass. 185, a new jury was summoned, and returned verdicts for the petitioners.   From the sheriff's return, it appeared that four parcels of land were taken, all of which adjoined the respondent's railroad location, and one of which was one hundred feet wide; and that each parcel so taken was a part of the whole tract belonging to some one of the petitioners.   The verdicts were accepted by the Superior Court; and the respondent alleged exceptions.   The facts material to the decision appear in the opinion.

The case was argued at the bar in January, 1895, and afterwards was submitted on the briefs to all the judges.

*S. Lincoln & S. Butler*, for the respondent.

*A. Hemenway & R. G. McClung*, for the petitioners.

BARKER, J.   When this case was first here we saw nothing to indicate that any recoverable damages were caused to lands of the petitioners not taken, save to their lots immediately adjoining the parcels taken or abutting on the same street with the railroad.   *Wellington* v. *Boston & Maine Railroad*, 158 Mass. 185.   In the opinion of a majority of the court, no reason to change this intimation is shown by the present bill of exceptions, and we think the respondent was entitled to the ruling requested to that effect.*   Upon the evidence, all the other lands of the petitioners had been made separate and distinct parcels by transforming the locality into a village with wrought and travelled streets, and making all the land not included in the streets into exactly defined house lots, some of which had been sold to other persons and each of which then owned by the petitioners was held for the distinct purpose of independent sale.

Whether a particular lot of land constitutes an independent parcel is a question which cannot be determined in the affirmative by the mere fact that it is separated from other land by a highway or street, or by paper lines, or by fences; nor can it

---

\* The ruling requested was as follows : " There is no evidence which would warrant the jury in finding that any special or peculiar damage was caused to the land from which the hundred feet strip was taken, nor to any of the remaining lands of the petitioners, except the lots immediately adjoining the land taken or upon the same street with the railroad."

be determined in the negative by the mere fact that it is all in one ownership and is not divided by streets or by paper lines. But when, as in the present case, the evidence shows that there is an actual division by streets wrought and in use for travel, and by recorded paper lines, and there is no evidence that any two of the lots are used together, or held for sale as one parcel, and the only use shown is a separate and distinct use and holding of each lot by itself, we think each lot is a separate and distinct parcel.

*Exceptions sustained.   Verdicts set aside.*