Statement of the Case.
NICHOLLS, J.
Plaintiff in its petition alleged that by an ordinance of the city of New Orleans (No. 1997, New Council Series) approved September 4, 1903, it was granted certain rights and privileges in the city of New Orleans, including the right to acquire by expropriation all property in the city of New Orleans needed for railway purposes. That under the laws of the state of Louisiana it is authorized and entitled to expropriate all property needed for railroad purposes, and especially the property therein-after described. That the Xavier Realty, Limited, was the owner of certain property, which it described, situated in the Seventh Municipal District of said city.
That said property was necessary to petitioner for railway purposes. That it annexed hereto a plan of said property on which there were no improvements.
That it could not agree with the owner of said property as to the price to be paid for the purchase thereof, although it had offered more than the value thereof, and that it was necessary for petitioner to expropriate said property.
In view of the premises, it prayed that after due proceedings the said property be adjudged to it, upon the payment to the owner of all such damages as it might sustain in consequence of the expropriation of the same for railway purpose, and it prayed that all the costs of these proceedings might be paid as the law provides, and it be granted such other and further relief as should be meet and proper in the premises.
A certain plan was annexed to plaintiff’s petition.
Defendant answered, pleading first the general issue. It admitted the ownership of the squares of ground described in plaintiff’s petition, but averred that the square shown as. No. 520 was really two squares (Nos. 480 and 520), and alleged that, in addition to said 10 squares, respondent owned, and was in possession as owner of, certain other squares of ground which it described, in the Seventh District of the city of New Orleans, to wit, Squares Nos. 482, 483, 485, 486, 487, 488, 489, 490, 492, 510, 511, 512, 513, 514, 515, 517, 525, 526, 527, 528, 529, 555, 556, 558, 561, 562, 563, 564, and an unnumbered triangular piece of ground bounded by Protection, Highland, and Edinburgh streets, all of said squares being contained within the limits of Oleander (formerly Fourteenth) street, Cambronne street, Palm (formerly Sixteenth) street, and the Protection Levee, said squares being separated from one another and from other squares, and bounded by said Protection Levee, and the following streets, viz.: Highland, Livingston, Live Oak, Cherry (formerly Olay), Laurel Grove, Hamilton, Holly Grove, Gen. Ogden (formerly Jackson), Eagle "(formerly Mary), Monroe, Leonidas, Joliet (formerly Jefferson), Cambronne, Oleander (formerly Fourteenth), Forshey, Olive (formerly Fifteenth), Edinburgh, and Palm (formerly Sixteenth). Respondent specially denied that the expropriation sought in this suit was necessary for any public purpose, and averred that it was wholly unnecessary for any purpose whatever, and would be an unlawful and wanton invasion of respondent’s rights, and a spoliation of its property, and particularly for the reason that the city of New Orleans had granted said company the right to construct, maintain, and operate its railway line into said city along, across, and upon the following streets, viz.: Protection, Oleander, Livingston, Forshey, Live Oak, Olive, Cherry, Edinburgh, Laurel Grove, Hamilton, Palm, Holly Grove, Stroelitz, Gen. Ogden, Palmetto, Eagle, Dixon, Monroe, Leonidas, Joliet, Peach, Cambronne, Dante, and the Shell Road, to the New Basin Canal. That, having the right of *179 way on the said streets, there existed no public necessity, nor any necessity whatever, for the expropriation of any of respondent’s said property, and that said company could easily make its entrance into said city, and construct and operate its said railway line on said street, without taking any of respondent’s property. That, in the alternative, if it should be held that plaintiff had the right to expropriate any of respondent’s said property, such right was limited to the least quantity thereof absolutely necessary for the construction, maintenance, and operation of its said line of railway, which respondent averred could in no event exceed a strip of land 30 feet wide through the squares on which it was located, and no others. That, even as to said strip of land, plaintiff could in no event expropriate more than a servitude or right of way thereon for railway purposes, and that plaintiff could not expropriate the fee-simple title or ownership of any part of said land. That the city of New Orleans was without power to confer upon plaintiff any right to expropriate private property, which right was conferred and limited by the Constitution and statutes of the state of Louisiana, and was in no respect enlarged in favor of plaintiff by Ordinance No. 1997, N. C. S., approved September 4, 1903, which was pleaded and relied on in plaintiff’s petition.
It averred that the petition herein does not disclose the purpose for which the plaintiff conceived that it needed and was justified in expropriating the 10 squares of ground described in plaintiff’s petition, and respondent denied that said squares of ground were necessary to plaintiff for any purpose whatever.
It averred that plaintiff’s purpose in attempting to expropriate all of respondent’s 10 squares of ground described in plaintiff’s petition was to acquire the same now and hold them, because property was then cheap, in order to resell them at a profit hereafter for manufacturing and business sites, and it denied that the plaintiff herein had any right to expropriate said squares for any such speculative purposes. That this suit had been instituted without proper authority of the board of directors of the plaintiff corporation.
Further answering, and still pleading in the alternative, it averred that, if plaintiff was permitted to expropriate the limited servitudes hereinbefore described, such expropriation of said servitude and the construction and operation of a steam railroad thereon would utterly ruin and destroy the value of the said 10 squares described in plaintiff’s petition, which, including the value of said servitudes, would inflict damage upon respondent to the amount of $30,000, for which plaintiff would be legally liable and bound to indemnify respondent.
That the 38 squares of ground hereinabove first described had been acquired by respondent and its authors as the result of patient effort and careful investment, extending through a period of many years, and constituted practically a continuous body of squares, situated in that portion of the city ,of New Orleans where property was now most rapidly improving in value, and were now well worth at least $114,000. That said body of squares practically constituted a large tract of land of much, greater value than the same number of isolated squares of the same character could possibly have. That plaintiff’s proposed expropriation and construction of its steam railroad along the line indicated by it would destroy the continuity of said body of squares; would render its development as a residential, commercial, or industrial suburb, for ’which it was admirably adapted, impossible; would impede the free access thereto; would obstruct the streets upon which said squares abut, and render them useless as thoroughfares; would *180 seriously obstruct the drainage of said squares; and would thereby inflict upon respondent, in addition to the damages hereinabove set forth, damages to the amount of $21,600, for which plaintiff would be legally liable and bound to indemnify respondent.
It prayed that plaintiff’s demand be rejected at its costs, Or, in the alternative, if plaintiff be permitted to expropriate the servitude hereinabove described, for judgment against plaintiff for the value thereof, and the damages hereinabove set forth, amounting to the sum of $51,600, and 5 per cent, per annum interest thereon from date of judgment until paid, and if any greater amount of respondent’s land, or any greater estate therein, should be expropriated by the judgment rendered herein, then for such additional damages as might be shown on the trial to be inflicted upon respondent thereby, and for costs and general relief in the premises.
Plaintiff filed a supplemental petition, in which it averred that it needed and required for railroad purposes the property referred to and described in the original petition filed in this case, in order to have a right of way for a double-track railroad, with necessary and usual switches, turnouts, and crossovers, and to have room and space upon which to erect car sheds, section houses, and repair shops, and to have room and space for storage of the necessary materials for construction and maintenance of its line, and to have room and space for yards for parking cars, and to procure ground from which to obtain earth or soil with which to erect and construct the banks or roadbeds of “your petitioner’s” line of railroad through the squares belonging to the Xavier Realty, Limited, defendant herein.
Petitioner prayed that this supplemental and amended petition be filed, and that the property described in the original petition on file herein be adjudged to plaintiff as prayed in said original petition, and that plaintiff he accorded the relief originally prayed for herein, and all such other and further relief as should be meet and proper in the premises.
The case was tried before a jury of freeholders, who returned the following verdict:
“We, the jury, find in favor of plaintiff, expropriating the whole of the ten squares of ground belonging to defendant, and assess the •damages and value thereof at the sum of fourteen thousand dollars ($14,000).”
The district court rendered a judgment by which it adjudged to the plaintiff the property set forth in its petition, and the plan annexed thereto as part thereof, in full ownership, upon the payment by it to the defendant, the Xavier Realty, Limited, the sum of $14,000, and in accordance with law.
It further adjudged and decreed that defendant’s demand for damages to the remainder of the property described in the an- ■ swer be dismissed as in case of nonsuit, without prejudice to defendant’s right to claim the same hereafter. It further condemned the plaintiff to pay the costs.
Plaintiff moved for a new trial on the ground that the amount awarded was too large. This application was refused.
Defendant also moved for a new trial, and, it being refused, it appealed. Plaintiff answered the appeal, praying that the amount awarded be reduced to $8,000, and, as so amended, be affirmed.
Opinion.
Appellant urges first that there was no necessity for the expropriation of its property by the plaintiff company. That it already owned sufficient property for its purposes.
Second. That, if it was entitled to expropriation at all, it should not have been decreed the absolute full ownership of the property, but only a servitude or right of way.
Third. That the route taken by it should *181 have been through the streets of the city, in conformity to the ordinance granting it the right of entry and the right of way over certain streets in the city; and, lastly, that the amount awarded to it by the jury is entirely inadequate. Defendant owned a number of squares of ground contiguous to each other, separated by streets; and a question arose during the trial of the case whether the damages which were or were supposed to be entailed upon those squares other than those sought to be expropriated could or should enter as an issue and a factor in the suit, and be passed upon, or be postponed and made the object of a subsequent action. The court first ruled that they were a proper subject of inquiry in the pending suit, but during the trial announced to the parties and to the jury that it had changed its views on the subject, and they should govern themselves accordingly. Defendant’s demand was non-suited so far as it .was based upon the consideration of such damages.
In plaintiff’s brief, he urges that it is an established rule in proceedings for the condemnation of lands that the just compensation which the landowner is entitled to receive for his land and the damage thereto must be limited to the tract, a portion of which is actually taken. Currie v. Waverly R. Co., 52 N. J. Law, 381, 20 Atl. 56, 19 Am. St. Rep. 452, and note, 458, .460; N. O. Pacific R. R. v. Gay, 31 La. Ann. 433; McMahon v. Railroad, 41 La. Ann. 827, 6 South. 640. That distinct and disconnected properties are to be treated as separate parcels, and damages un der condemnation proceedings must ordinarily be assessed on this principle. Separate parcels cannot be treated as one tract for the purpose of assessment of damages for the taking of land in only one such parcel, and any other injury thereto arising from such taking. White v. Metropolitan R. Co., 154 Ill. 620, 39 N. E. 270; Wellington v. Boston R. R., 164 Mass. 380, 41 N. E. 652; Cameron v. Chicago R. Co., 42 Minn. 75, 43 N. W. 785; Potts v. Penn. R. R. Co., 119 Pa. 278, 4 Am. St. Rep. 646, 13 Atl. 291; Gibson v. Bridge Co., 192 Pa. 55, 73 Am. St. Rep. 795, 43 Atl. 339. That distinct tracts of land, connected only by a means of way either private or public, cannot be treated as one, for the assessment of damages inflicted under the exercise of right of eminent domain. Penn. Co. v. Penn. R. Co., 151 Pa. 334, 31 Am. St. Rep. 762, 25 Atl. 107. That where proceedings are instituted to condemn a right of way through a block, the owner cannot claim damages for injuries to property in another block, separated therefrom by a street the fee of which is in the city, no portion of which has been taken; and the fact that he purchased the property to be used as a whole for a polytechnic institute can make no difference, where the tracts are not used for any common purpose as one tract when the condemnation proceedings are instituted. White v. Metropolitan West Side Elev. R. Co., 154 Ill. 620, 39 N. E. 270. That where lots in town were used by the owner in connection with other lots in the same business, but they were separated by streets and alleys, it was held, in a condemnation proceeding by a railroad company, that damages could not be allowed on all the lots as an entirety. Fleming v. Chicago, D. & M. R. Co., 34 Iowa, 353. That a party owned a homestead and a block of lots separated by lands of another party, having a right of way connecting the two tracts. The homestead was injured by a railroad laid in the street, and it was held that the owner was not entitled to recover damages for injury to the second tract. Pennsylvania Co. for Ins. on Lives & G. A. v. Pennsylvania S. Valley R. Co., 151 Pa. 334, 25 Atl. 107, 31 Am. St. Rep. 762. That where city property was unoccupied, but was platted into blocks and lots, and a railroad condemned lots 1 and 10 in a block, it was held error to allow damages to lots 2 and 9, inclusive, in the same block. Wilcox v. St. *182 Paul & N. P. R. Co., 35 Minn. 439, 29 N. W. 148. That a tract oí land in a city haying been platted and divided into lots, presumably with a view to its disposal and ultimate use in such subdivisions, each lot must be treated as a separate tract, in ejectment proceedings by the owner to recover the property and damages from a railroad company which, in constructing its road in certain streets opposite two of such lots, had taken a portion thereof. The court held that, in the absence of evidence tending to overcome the prima facie character of the lots as separate tracts, which had been given to them by the proprietors, the premises could not be treated as a whole in assessing damages, but the damages must be limited to the lots, a part of which had been taken by the railroad company, and that the fact that the property was occupied by the lessee as one tract for the purpose of piling lumber could not affect the question, since this was a mere fugitive and temporary use, and not a natural and permanent one, such as would be necessary to constitute the whole premises one tract. Koerper v. St. Paul & N. P. R. Co., 32 Minn. 340, 44 N. W. 195. That a personal examination of the premises by the jury in a body, after it is impaneled, should be the feature of every proceeding for the expropriation of property. Remy v. Second Municipality, 12 La. Ann. 503. That in expropriation suits the owner is entitled to the market value of the property taken, and to such damages as may result to the remainder of the property of which the expropriated property forms a part, and to nothing else. It is not a question of the value of the property to the owner, or its adaptability to the uses of the owner, but of its market value; taking into account, however, all the considerations that would weigh at a private sale. L. R. & N. Co. v. Jones, 36 South. 877, 113 La. 29. That the owner is entitled to adequate compensation. The value of lands in the vicinity expropriated in other suits and the price paid for lands to be expropriated are facts to be considered, and any damages which the owner may sustain may be offset by the proposed construction of the railroad for whióh the expropriation is sought Abney v. T. S. & N. R. Co., 105 La. 447, 29 South. 890.
Defendant, on the other hand, contends that, on an application of a railroad company to expropriate lands, if it should appear that the company has already sufficient quantity for its purpose, the court should refuse an order to summon a jury to assess its value, and, should such an order be granted before action upon it, it is proper for the court to rescind it. That the right of expropriation should only be enforced by inches, and upon conclusive proof of the necessity upon which it rests. Kansas City, S. & G. Ry. Co. v. Railroad Co., 49 La. Ann. 35, 21 South. 144; Jefferson & Pontchartrain R. Co. v. Thos. Hazeur & Co., 7 La. Ann. 182. That the contingency to warrant expropriation must be evident and imperious, as the law decrees property too sacred and inviolable to sanction the expropriation of it, except it be necessary for public purposes. Lecoul v. Police Jury of St. James, 20 La. Ann. 308; Kansas City, S. & G. Ry. Co. v. Railroad Co., 49 La. Ann. 35, 21 South. 144; Williams v. Judge, 45 La. Ann. 1297, 14 South. 57. That the property of no man can be taken without his consent, beyond what is admitted by the public necessity. New Orleans Pacific Railway Company v. Gay, 32 La. Ann. 474.
The fee in the land cannot be taken by a railroad if a servitude thereon will suffice. R. R. v. Gay, 32 La. Ann. 474; R. R. v. Hines, 50 La. Ann. 781, 24 South. 287. That the value of lands in the vicinity expropriated in other suits is a fact to be considered in fixing the value of land sought to be expropriated. 105 La. 447, 29 South. 890. In the suit of this same plaintiff against Mrs. Eveleen Kohn, now before this court on appeal, *183 [1] the jury awarded defendant $2,400 for a right of way 150 feet wide through square No. 571, which is identically the same character of land as that of defendant, and separated from it only by a paper street. That the market value of the land at the time of the taking is the just and adequate compensation which the law provides shall be paid to the owner. Every factor that constitutes an element of value contributes to fix the market value, such as the physical character, location, and accessibility of the property, its transportation facilities, its availability for residential, commercial, industrial, or agricultural purposes; and the future effect of improvements and developments that are imminent may properly be considered in fixing value. That sales of property in the neighborhood made a year and a half and two years before the institution of this suit, and before the radical change in the physical character of the land itself by the completion of the drainage system, furnish absolutely no criteria of value whatever. The only evidence in this case that fixes value is the opinion of the experts, the average of which is $2,237 per square. That the expropriation takes not only the property in 10 squares, but also takes the real rights of drain and access appurtenant to defendant’s remaining squares, which rights are as much property as the squares themselves, and equally protected by article 167 of the Constitution. The taking of said property and said real rights are one and indivisible, and proof of the damage arising from the taking said real rights should have been admitted. Damages caused by obstructing the servitude of drain, light, air, and access to property abutting public streets-are real rights, within the protection of article 167 of the Constitution, and cannot be inflicted without previous indemnity. That the right of an abutting lot owner in the street is as much property as the lot itself, and is as much under the protection of the constitutional guaranty. Hepting v. R. Co., 36 La. Ann. 898; Haynes v. Thomas, 7 Ind. 43; Lackland v. R. Co., 31 Mo. 187; Jeffersonville R. Co. v. Esterle, 13 Bush, 667. That injunction is expressly authorized by the Louisiana Code of Practice against the disturbance of the owner’s possession of. real estate, or of a real right of which he claims either the ownership, the possession, or the enjoyment. Code Prac. art. 298; State ex rel. Yale v. Duffel, 41 La. Ann. 516, 6 South. 512; Burke v. Wall, 29 La. Ann. 40, 29 Am. Rep. 316; McDonogh v. Calloway, 7 Rob. 442. That inasmuch as plaintiff and defendant reside in different parishes, the damages would be recoverable by reconvention in this action, even if they were wholly disconnected with the main demands. Code Prac. art. 373.
We recognize fully the correctness of the doctrines announced in the cases cited (Railroad Co. v. Thos. Hazeur & Co., 7 La. Ann. 182; Lecoul v. Police Jury, 20 La. Ann. 308; and Railway Co. v. Gay, 32 La. Ann. 474), to the effect that a railroad company seeking to expropriate the property of a citizen assumes the burden of proving the necessity in the particular case for the exercise of the power of eminent domain, and that, failing to establish that fact, it should take nothing by its demand. That issue is one of fact, and, when the record of the case reaches the Supreme Court, it must be controlled by the evidence adduced as to the proper judgment called for. We know nothing of the necessities of a railroad company, and come to a knowledge of them only through the testimony in the record. If the plaintiff should establish, through testimony prima facie sufficient, that the expropriation is necessary, we must act on the assumption that the verdict of the jury and the action of the court in favor of the expropriation are well founded. The defendant in this case raised the issue of necessity, but permitted it to be *184 disposed of -on plaintiff’s showing; pressing with no vigor its right of cross-examination or of introducing counter-proof. On the record as brought up, we think the necessity for the expropriation has been shown. N. O. Pacific R. Co. v. Gay, 31 La. Ann. 434.
Defendant’s contention that the line of the plaintiff should have conformed to the ordinance of the city is without force. That ordinance was merely permissive in character, withdrawing any objections it might have had to the lines running in that particular way. The permission was not granted upon the condition that the route of the road should be along the streets. It was established on the trial that it was to the interest not only of the -railroad company, but of the general public and the prospective owners of the property along those streets, that the tracks should not pass through them. Defendant has itself shown that the passing of a railroad directly through or along a piece of property, as a general rule, impairs its value. The running of cars at all hours of the day and night in the immediate neighborhood of residences, the frightening of horses, and the risks to travelers make it almost imperative that the roads should not pass through the streets. While defendant has shown that it was possible to have had the line of the road turned so as to have run through the streets by adopting the curves suggested, his own witnesses testify that it would be only proper to do so, should necessity exact it; that a straight line was the one called for, not only as to expense and proper operation of the trains, but as to safety.
We think the action of the court in excluding- from the jury, in its consideration of the damages to which defendant might be entitled by reason of the construction of the road, those sustained by injury to property other than that directly involved in the suit then before the court, was based upon the jurisprudence of other states as well as our own.
We think that the rule adopted is really one in the interest of the party defendant in the expropriation proceedings. ■
In this case the squares are contiguous, but they are separated by streets. True it is that the streets have not yet been opened, by reason of the present remoteness of the property from the business and residential portion of the city, but they will be opened just as soon as occasion will call for the same.
The defense made in this case is really one of amount, the defendant company being very naturally unwilling to see itself deprived of the full benefit which it conceives is the presently assured value of its judicious investment of its money.
We think the district court-was right in taking as the date for estimating the value of property expropriated for railroad purposes that of the institution of the expropriation suit, withdrawing, however, from the value so ascertained so much of the same as- was the result of the construction. Many elements enter in enhancing the value of the property in the interval between the date of the determination of the railroad company to build its road and the date of the expropriation proceedings which may be taken for that purpose, which are entirely independent of the building- of the road. The property owners, not the railroad company, are entitled to the benefit of such factors in increasing values. Oiv. Code, art. 2408. As is usual in such cases, there is great divergence as to values. The estimates given of the value of the squares sought to be expropriated vary from $300 to $3,000 a square; the estimates reflecting the views of the different witnesses as to what constitutes the value of property. The bigh estimates are^ those made by witnesses who take a very optimistic view of the future of the city of *185 New Orleans, from their belief in an almost certain advancing prosperity for years to come. The construction of the Panama Oanal, the completion of the drainage and sewerage system, and many other matters, are so well known, recognized, and believed by the general public, as, in their opinion, to necessarily enter into actual consideration in fixing present values. The fixing of the value of the property at what is known as its “market value” is a very difficult matter. It is, after all, greatly a matter of opinion, The Legislature has thrown upon a jury (called for this special purpose) the duty and obligation of acting upon this vexed question. An appellate court is authorized to interpose only when it is satisfied that an error has been made, and that the estimate which it would itself make and substitute for that of the jury would clearly be more reasonably certain and true.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed; appellant to pay costs of appeal.

 116 La.-, 40 South. 602.