35 449
·50 43ó

MISSOURI PACIFIC RAILWAY COMPANY, Appellant, v. LEWIS W. WERNWAG, Respondent.

**Kansas City Court of Appeals, April 15, 1889.**

1. **Eminent Domain :** IN CONDEMNATION PROCEEDINGS, DAMAGES THE SOLE QUESTION : NO OFF-SET. In condemnation proceedings the jury, in making the second appraisement of the value of the property, are confined in their inquiry to the value of the same at the time of the filing of the petition and the appraisement made by the commissioners in the first instance, and are not authorized to take into consideration any change in the condition of the property or any other matter relating thereto occurring subsequently thereto.

2. ———— : INSTRUCTION AS TO CONVERSION OF PROPERTY REFUSED. Therefore an instruction, which told the jury that if defendant, after the filing of the report of the commissions, took and converted to his own use, without the knowledge or consent of plaintiff, any part of the materials belonging to the warehouse condemned, the value thereof should be deducted from the damages, was properly refused.

3. ———— : REMEDY FOR SUCH CONVERSION : TITLE TO CONDEMNED PROPERTY : EQUITABLE SET-OFF. The report of the commissoner and the payment of the money to the clerk operates to divest the defendant of his title and invest the same in plaintiff, and defendant's conversion thereafter made him a trespasser, and, if insolvent, his case is not different from that of other insolvent wrong-doers unless on appropriate proceedings a court of equity might interpose its flexible powers to grant relief by decreeing a satisfaction of the damage judgment in an amount equal to the value of the converted material, but in this action the court is powerless to adjust the matter on any principle of equitable set-off.

4. ———— : EXECUTION UNDER SECTION 894. The provisions of section 894, in relation to the enforcement of the payment of the assessment by execution, refers alone, and has never been otherwise construed than to refer, to the enforcement of an award made by commissioners and not to that made by a jury.

VOL. XXXV—29

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*T. W. B. Crews, Thos. J. Porter* and *J. M. Booth,* for appellant.

(1) The evidence showed that pending the proceedings for the appropriation of the right of way, respondent owning erections standing on the right of way, but having no interest in the land, tore down the erections and sold the materials and received the proceeds of such sale, to his own use. The materials therefore were not appropriated. His damage was the loss sustained by him by the appropriation of the land, by reason whereof he was compelled to remove his buildings. Hence the true measure of his damage was, the value of the building as it stood at the commencement of the proceeding, less the value of the materials which he converted to his own use. *Railroad v. Winslow,* 66 Ill. 219; *Bridge Co. v. Ring,* 58 Mo. 491. (2) The court had no jurisdiction to render any judgment against plaintiff—for any sum. The proceeding was under a statute, by which the court can enforce payment of damages, only by awarding execution, after notice and motion. R. S., sec. 894. (3) The rendition of a money judgment is an error of record, and it is therefore immaterial that no exception thereto was saved in the court below. *State to use v. White,* 61 Mo. 441.

*J. D. Shewalter,* for respondent.

This is a proceeding to condemn private property, and is purely a statutory proceeding. The damages are to be assessed as of the time of the "taking," *i. e.*, the filing of the petition and assessment. Mills' Em. Domain, sec. 174; *Railroad v. Abell,* 18 Mo. App. 633.

If by the condemnation plaintiff became the owner of the materials composing the building, then the value of the building must be assessed ; and if, after this, defendant appropriates any part thereof, plaintiff must proceed against him for the trespass or conversion. A statutory condemnation cannot be converted into trespass, trover, equity or set-off. *Bridge Co. v. Ring,* 58 Mo. 491, p. 495–6. The only thing in the nature of set-off provided for is peculiar benefits. In this case it is not necessary to decide whether materials, other than those necessary in the construction of the road, belong to the road. Judge WAGNER assumes they do, but such a conclusion is contrary to the objects and purposes of the statute ( which is founded on necessity, and there is none in such case ), and is against the authorities. Mills' Em. Dom. ( last Ed.) sec. 210, and authorities cited ; 2 Wood, Railways, pp. 774, 775, sec. 242, and authorities cited. Besides, Wernwag was working for the road, was its agent, and questions of authority and assent of the company as to acts occurring after the condemnation cannot be settled herein. Neither was there any evidence on which to base the instruction ; no evidence it was " without the knowledge" of plaintiff, but the evidence is it was by plaintiff's orders. Hence, there was no error in giving the instruction for defendant ( laying down the settled rule as to damages ) and refusing the third instruction asked by plaintiff. There is no force in the second and third points of plaintiff. The provision of the statute ( sec. 894 ) refers to the enforcement of the award of the commissioners. Here the issue is submitted to a jury ; a judgment necessarily follows their verdict. Such has been the uniform practice. A strange court, with no power to render judgment! This point of appellant proves too much, for plaintiff appeals from the final judgment and decision. The appeal is by virtue of the general statutes ( for the special statute contains no

such provision ). Now, if there can be no judgment, there can be no appeal ; for the simple reason, that by the general statute ( giving the authority for this appeal ) appeals are only from the final judgment.

SMITH, P. J.—The plaintiff filed its petition in the office of the clerk of the circuit court of Lafayette county for the condemnation of a right of way for its road, the defendant being one of the parties thereto. It was alleged in the petition that defendant owned a warehouse and platform scales on the one hundred feet sought to be condemned ; that "said track passes through a frame warehouse and through a set of stationary wagon scales." Commissioners were appointed, who assessed the damages of Wernwag at three hundred and seventy-five dollars. On objections and exceptions, and after hearing the evidence, the court set aside the report, as to Wernwag, and at the succeeding term, the issue being submitted to a jury, there was a verdict for five hundred and seventy-five dollars, and final judgment for that sum ; from which judgment, after the usual motions, the plaintiff appeals.

The evidence shows that in laying off the town of Berlin, a strip, for a public wharf and steamboat landing, was left, adjacent to the river, and on this strip, without objection, years before, Wernwag had built a warehouse, and up to the time of the location of plaintiff's road was engaged in buying and shipping grain and produce.

The road-bed, as located, ran just through this house, office, and a part of the scales. As to the value of the property and the amount of damages, the evidence was conflicting. The estimates were from one hundred and seventy-five dollars to one thousand dollars. The plaintiff located its road, graded up to or near this warehouse, then had commissioners appointed, who assessed the damages ; and after this and after the

payment of the award to the clerk, Wernwag, who was working for plaintiff, by order of the engineer of plaintiff, pulled the buildings down and off of the right of way, and sold some of the old materials, but the sheet-iron roofing and office and scales were still on the ground to which they had been re moved at the time of the trial.

For plaintiff the court gave two instructions, after slightly modifying the second, but the modifications, being really in favor of plaintiff, are not complained of.

The third asked, and refused, declared that if Wernwag, after the filing of the report of commissioners, "took and converted to his own use without the knowledge or consent of plaintiff any part of the materials belonging to said warehouse," the value should be deducted.

For defendant, the court gave one instruction as to the measure of damages, namely, the value, at the time it was taken by plaintiff, as a warehouse, or for any other purpose to which it could be put.

I.  The principal complaint which plaintiff makes here is that the circuit court committed error prejudicial to it in refusing its third instruction which declared that if the defendant after the filing of the report of the commissioners took and converted to his own use without the knowledge or consent of the plaintiff any part of the materials belonging to said warehouse the value thereof should be deducted.  We do not think the principle of this instruction correct.

It antagonizes the doctrine of the supreme court of this state as announced in the case of the *Mississippi River Bridge Co. v. Ring*, 58 Mo. 491.

As we understand it the jury in making the second appraisement of the value of the property were confined in their inquiry to the value of the same at the time of the filing of the petition and the appraisement made by the commissioners in the first instance.  They were not

authorized to take into consideration any change in condition of the pro perty or any other matter relating thereto occurring subsequently to the condemnation. The materials of the building on the right of way under and by virtue of the condemnation proceedings became the property of the plaintiff. When the commissioners assessed the value of the property and the plaintiff paid the amount thereof to the clerk the operative effect of this under the law was to divest the defendant of his title, and to invest the same in plaintiff.

At the time of the assessment by the jury the said building materials, if in existence and undisposed of by the plaintiff, were in legal contemplation its property. The fact that the defendant was dissatisfied with the first appraisement did not effect the title of the plaintiff which had already vested. It was only the value of the property at the time of the appropriation which under the law was still open for judicial investigation by a jury.

The question before the jury being, what was the value of the property when it was appropriated or taken by the plaintiff.

The subsequent wrongful taking of the said material by defendant "cuts no figure" in the case. If after the appraisement the defendant without the leave of the plaintiff took, carried away and converted to his own use, said building material, he became a trespasser. And if he be insolvent his case is not different from that of other insolvent wrong-doers.

No doubt the injunctive process of a court of equity might have been invoked to have prevented the removal of said material.

And it may be that upon the facts of the case a court of equity might be successfully appealed to by an appropriate proceeding to interpose its flexible powers to grant relief by decreeing a satisfaction of the said

judgment for damages in an amount equal to the value of the said building material removed by the defendant.

It seems a case of great hardship that the defendant should be permitted to retain the property and recover its value too.

But in this action we are powerless to adjust the matter upon any principle of equitable set-off.

II. The provisions of section 894, Revised Statutes, refer alone to the enforcement of an award made by commissioners and not to that made by a jury. It has never been otherwise construed so far as we are advised. Upon a consideration of the whole case we have been unable to discover any error which would justify our interference with the action of the court below. The other judges concurring, the judgment of the circuit court is affirmed.