OVERTON, Justice.
 

 This is an expropriation suit. Its purpose is to expropriate a right of way 150 feet in width by 1,792 feet in length, comprising 6.81 acres, diagonally across the New Era plantation, for the construction of the Airline highway between New Orleans and Baton Rouge.
 

 The New Era plantation is located in the parish of St. John the Baptist, 30 miles above New Orleans. It contains 336.47 acres of land in cultivation. Its total area comprises about 700 acres. The part not cultivated consists of woodland. The part cultivated is of rich sandy loam. The place is. devoted to the cultivation of sugar cane and to 'truck farming. The plantation is traversed at right ■angles by the Mississippi River road, the Jefferson Highway, the Yazoo & Mississippi Valley Railroad, the Louisiana & Arkansas Railroad,- the Mississippi River Sugar Belt Railroad, which runs to the Godchaux Sugar Refinery. The Hammond highway is not far distant. The plantation, by reason of its railroad facilities, has direct connection with thS Chicago truck markets and with the Godehaux Sugar Refinery. The home on it, the laborers’ guarters, the stables, the barns, and the implement houses are near the river side of the plantation, while the Mississippi River Sugar Belt Railroad is near the wood side.
 

 Defendant estimates the 6.81 acres of land taken at $2,043, placing its value at $300 an acre. He estimates the depreciation in the value of the whole plantation, by the taking of the strip, at 20 per cent., which, stated in dollars and cents, makes the depreciation $13,458.S0. He estimates the value of crops on the right of way selected, and on headlands, at $346.20. He estimates the cost of constructing two new headlands at $50; and the cost of clay pipes and laying the same underground at $574, making a total damage for land and depreciation of $16,471.20.
 

 The jury of freeholders found a verdict for plaintiff, awarding it the land -desired, and awarded defendant $1,703 for the land and $5,389.70 for the damage to the remainder of the plantation, caused by the taking of the strip. Plaintiff has appealed.
 

 In the item of estimated depreciation of the plantation, caused by the taking of the strip, is a claim for damages for injuring the plantation as a prospective factory site, and, in fact, for utterly destroying it -as a prospective site for a large factory.^ Our appreciation of the evidence bearing on this claim leads us to the conclusion that the claim is too remote and speculative to be entitled to very serious consideration. In the very recent case of Louisiana Highway Commission v. Guidry, 176 La. 389, 146 So. 1, 5, it was said:
 

 “In estimating the value of land expropriated, the remote possibility that it will at some time be sought after for a particular purpose greatly increasing its value cannot be considered. [Citing] Louisiana Ry. & Nav. Co. v. Sarpy, supra [125 La. 388, 51 So. 433].”
 

 So far as relates to the remaining items of damage claimed, we see no advantage to be gained in entering into a full discussion of them. We have read the record, and have
 
 *443
 
 reached our conclusion. The correctness of these items depends upon-one’s appreciation of the evidence. As to the value of the 6.81-acre strip taken, the award of the jury, although the evidence as to the value of the land is conflicting, should not be allowed in full, since it is excessive. The strip, as was held in Louisiana Highway Commission v. Guidry, supra, as to similar land,, not very distant from the present, at a fair valuation, is worth not exceeding $150 an acre, taking into consideration that the strip constitutes a long narrow piece taken from a valuable part of the plantation. This amount we shall allow. This makes a total allowance for the strip of $1,021.50.
 

 With respect of the remainder of the damage to the plantation, for which compensation is asked, we think that, while the fact that the right of way selected runs diagonally across the plantation, instead of straight across, tends to depreciate the property for agricultural purposes, nevertheless it appears to us that this damage is overestimated by defendant and even by the jury. The two parts into which the plantation is thereby divided will be of sufficient size, not to increase greatly the cost of the cultivation of the place.
 

 We think that for this damage and for the remaining items of damage, including the loss of the crops on the right of way and on the new headlands, the cost of constructing two new headlands, and the cost of clay pipes and of placing them, an award of $2,700 will be ample compensation.
 

 This makes the total damage to which defendant is entitled, in our opinion, $3,721.50.
 

 The judgment appealed from is reduced from $7,089.70 to $3,721.50, and, as thus amended, it is affirmed.