HAMITER,- Justice
(dissenting).
I see no necessity for the remanding of this case. It can, and should, be decided on the record as presently made up.
Assuming for the sake of argument that the district judge erred in not allowing some of the defense witnesses to express opinions as to what the value of the property would be to the owner for the restricted purpose of subdivision development to which it might he devoted in the future, such evidence, if received, could not change the result warranted by the proof which the record now contains.
Obviously the excluded opinions would be predicated on pure speculation, and remote at that; and they, as a consequence, could have little, if any, weight in determining the land’s true value. Louisiana Railroad & Navigation Company v. Sarpy, 125 La. 388, 51 So. 433; Louisiana Highway Commission v. Guidry, 176 La. 389, 146 So. 1; Housing Authority of Shreveport v. Harkey, 200 La. 526, 8 So.2d 528. Certainly, they could effect no change respecting the weight of the already admitted evidence abundantly offered by both plaintiff and defendant in proof of the market value of the property based on all of its potentialities, including the use of it for subdivision purposes.
A civil case should not be remanded on account -of an erroneous exclusion of evidence when it appears that the evidence excluded could not possibly change the result. Succession of McDermott, 137 La. 295, 68 So. 616.
Therefore, from the majority decision ordering a remand of this case, I respectfully dissent.