AYRES, Judge.
This is an appeal by defendant from a judgment in an expropriation proceeding wherein he was awarded $2,700.00 for 1.4 acres of a 2.44 acre tract taken for use in the construction of a segment of Interstate Highway 20.
The defendant contends that the property expropriated had a value, at the time of the taking, of $20,000.00. The sole issue before the court is the adequacy of *55 the consideration to be paid for the property.
The property expropriated is a portion of Lot 59 of Rosebud Heights Extension Subdivision to the City of Shreveport. The subdivision, about seven miles southwest of the downtown business section of the city, is located between U. S. Highway 80 on the north and an abandoned railroad right-of-way on the south. The abandoned railroad right-of-way was acquired by the Department of Highways for a right-of-way for Interstate 20. The subdivision consists principally of two tiers of lots separated by Monkhouse Drive, which extends from the aforesaid highway in a southerly direction to the north boundary of the west end of defendant’s property. The rear of defendant’s property borders the railroad right-of-way on the north. An extension of Monkhouse Drive across defendant’s property and across the railroad right-of-way would lead to the Greater Shreveport Municipal Airport about a half mile distant from defendant’s property.
From the record, we find, after much painstaking study, that it establishes material facts from which these conclusions may be reached. The City of Shreveport formulated plans to open and extend Monk-house Drive to connect U. S. Highway 80 with the airport. The Department of Highways after having previously selected a location for an interchange on the Interstate Highway at an intersection with an extension of Curtis Lane some distance to the east of Monkhouse Drive, was prevailed upon by the City to locate the interchange at its intersection with Monkhouse Drive as contemplated by the City to be opened and extended.
When the contemplated action of the City to open and extend Monkhouse Drive became known, interest and activity in that area were manifested and intensified, with the result that property values increased. The record is silent as to the develop-ment of any such interest or increase in value when it became known that the interchange would be constructed at the Monkhouse Drive intersection. No showing was made as to whether such construction would result in an increase or diminution of property value in that area.
It may be appropriate to point out, except for the construction of the interchange, that none of defendant’s property would be within the right-of-way of Interstate 20. The property is sought for the purpose of Interstate 20 as set out in plaintiff’s petition.
The basic difference in the contentions urged by the respective parties litigant as to the evaluation of defendant’s property concerns the enhanced value of the property by reason of the contemplated opening and extension of Monkhouse Drive by the City of Shreveport. Plaintiff’s position is that:
“In estimating the value of the property to be expropriated, the basis of the assessment shall be the value which the property possessed before the contemplated improvement was proposed, without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work.” (LSA-R.S. 19:9).
Plaintiff would also include as a single improvement the opening and extension of Monkhouse Drive by the City and the construction of Interstate 20 by the State.
Defendant insists, to the contrary, that the improvements contemplated are separate and distinct, the first undertaken by the City, and the second by the State, and, therefore, that he is entitled to whatever amount the value of his property had been enhanced by the improvement contemplated by the City.
In resolving the issues thus presented, certain well established basic principles must serve as a guide. For instance, “just and adequate compensation” must be paid. Louisiana Constitution, Article 1, Section *56 2, LSA. The term “just and adequate compensation” has been defined as the market value, a price which would be agreed upon at a voluntary sale between a willing seller and a willing purchaser under usual and ordinary circumstances. The criterion of value does not contemplate a speculative or remote value but the market value at the time of the expropriation determined by a consideration of the use to which the property may be placed or for which it is adapted as well as all factors which lead to a replacement of the loss occasioned by the taking, but excluding any increment of value occasioned by the improvement for which the property is taken. Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491.
The rule is also well settled that the measure of value of property taken for public use is the market value of the property at the time of the institution of the expropriation suit. State v. Landry, 219 La. 721, 53 So.2d 908; Louisiana Railway & Navigation Co. v. Sarpy, 125 La. 388, 51 So. 433; Louisiana Power & Light Co. v. Dileo, et al., La.App., 79 So.2d 150, 156.
The rule is so firmly established that even where a first suit had been abandoned and dismissed, the value of the property at the time of the institution of a subsequent suit will control. State v. Landry, supra. The reason is that the owner of the land owns the property in perfect ownership until the date of its taking, and, according^, any increment in its value resulting from any cause other than that occasioned by the improvement proposed by the expropriating authority inures to his benefit. Opelousas G. & N. E. Railway Co. v. St. Landry Cotton Oil Co., 118 La. 290, 42 So. 940; Louisiana Railway & Navigation Co. v. Xavier Realty, 115 La. 328, 39 So. 1, 6.
We find this appropriate observation in the latter case:
“We think the district court was right in taking as the date for estimating the value of property expropriated for railroad purposes that of the institution of the expropriation suit, withdrawing, however, from the value so ascertained so much of the-same as was the result of the construction. Many elements enter in enhancing the value of the property in. the interval between the date of the determination of the railroad company to build its road and the date of the expropriation proceedings which may be taken for that purpose, which are entirely independent of the building of the road. The property owners, not the railroad company, are entitled to the benefit of such factors in increasing values.”
The instant action was instituted July 18;. 1961. The exact date of the formulation of a plan by the City to open and extend Monkhouse Drive is not shown. The evidence discloses, however, that a crew of workmen was engaged in that undertaking during 1960.
From the pronouncements contained in the foregoing authorities, we are of the opinion the defendant is entitled to such “just and adequate compensation” as is determined by the market value of his property as of July 18, 1961, however such value may have been increased or enhanced other than by the improvement proposed by the Department of Highways as the expropriating authority.
Lastly, for consideration is the question of primary concern, that is, the award of “just and adequate compensation” for the property expropriated. In this regard, we may first point out that we are impressed that defendant’s property, in .recent years and prior to the institution of the present expropriation suit, had increased in value. This increase, in our opinion, was not due entirely to the City’s plan to open and extend Monkhouse Drive as a main thoroughfare between U. S. Highway 80 and the Greater Shreveport Municipal Airport but is due in part to the development of properties in that general vicinity. These prop *57 ■erties include, among others, Westwood Park, an adjacent subdivision, and Holiday-Inn, constructed at the intersection of the aforesaid highway and street. It is noted this motel and defendant’s property are located in the same subdivision.
The enhancement of the value of defendant’s property, due to the aforesaid causes, were not given consideration by the trial court in determining the award. The basis for the disallowance, as we infer from the record, was that such enhancement in value was due, at least indirectly, to the improvement for which the property was being taken. As heretofore pointed out, no contention is made, nor is there any proof in the record to the effect, that the property was enhanced in value by the contemplated construction of Interstate 20, the purpose advanced for the taking of defendant’s property.
The trial court was of the opinion that, if the increased value of the property was allowable, the property, at the time it was expropriated, had a value of $12,000.00. We find no reasonable basis for disagreement. To the contrary, the evidence, in our opinion, supports such a finding. The two sales of property in the vicinity, relied upon by the State and employed by the trial court in its determination of an award of $2,700.00, were made before the vendors of such properties were aware of the contemplated opening and extension of Monk-house Drive. This improvement and the development of other property were reflected in prices paid in later sales of property in that vicinity.
As a basis for his appraisal made on behalf of the defendant, Lawrence L. May used seven sales of property in the subdivision or vicinity, four of which appear to be applicable, which he found to be comparable to the subject property. These four sales involved a total acreage of 3.5 and brought a total price of $45,700.00. Thus, a value of thirty cents per square foot was placed on the subject property, which the appraiser rounded to the nearest hundred in the sum of $18,300.00.
Defendant’s other appraiser, Charles Hall, employed five sales of property nearest to defendant’s property, four of which, together with defendant’s property, constituted contiguous properties. The fifth sale involved a lot 100 feet away, across the street. From these sales Hall arrived at a valuation of defendant’s property of twenty cents per square foot, or $12,202.44, which he rounded to an even $12,000.00. The trial court, for the opinion heretofore noted, relied upon the appraisal as made by Hall.
Taking into consideration the market value of defendant’s property at the time of its expropriation but excluding therefrom any enhancement due to the contemplated construction of Interstate 20, we are of the opinion that the property had a valuation of $12,000.00. The award should be accordingly increased.
For the reasons assigned the judgment appealed is amended by fixing the value of the property expropriated in the sum of $12,000.00, subject to a credit for an amount previously paid by plaintiff in the total principal sum of $2,700.00.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the defendant, Lennie O. Johnson, and against the plaintiff, the State of Louisiana, through the Department of Highways, in the principal sum of $9,300.00, with 5 percent per annum interest thereon from July 18, 1961, until paid, together with such cost as is assessable against the plaintiff; and, as thus amended, the judgment is affirmed.
Amended and affirmed.
BOLIN, J., dissents with written reasons.