AYRES, Judge.
The object of this action, an expropriation proceeding instituted August 3, 1961, was to acquire in full ownership, for highway purposes, a described tract of land located at the northwest corner of the intersection of Monkhouse Drive and Monk-house Drive Extension, then outside the corporate limits of the City of Shreveport. The property, comprising an area of 7,630.-2 square feet, a portion of a larger irregularly shaped tract of 93,960.2 square feet owned by defendant, was to be used in connection with the construction of an Interstate 20 interchange. Through an appraisal previously made, the Department of Highways fixed the value of the property expropriated at $380 and determined no severance damages would be occasioned to the remainder of defendant’s property. By an appropriate answer, defendant claimed the land taken had a value of $10,000, that severance damages to the remainder of his property in the sum of $50,000 would result from the construction of the highway, and prayed for judgment accordingly.
Thus, the market value of the property taken and severance damages to the remainder were the issues at the trial had on November 13, 1969. The court fixed the value of the land taken at $380 and rejected defendant’s demands for severance damages. From this judgment, defendant appealed.
The defendant produced no real estate experts for the purpose of establishing the value of the property taken nor to establish an estimate of the severance damages. However, produced was a civil engineer, Billy M. Ferguson, who testified that it would cost $33,200 to fill the remainder of defendant’s property to bring its grade to *878 that of the roadway after its construction. Grover T. Netherton, long experienced in work of the character required to fill in defendant’s property and bring its level to that of the street or roadway, testified it would require an expenditure of $35,000. Walter L. Hunter, a professional appraiser, who valued the property on behalf of the State, testified that the remainder of defendant’s property had been damaged by the taking to the extent of the cost of filling in the property to bring its level to that of the roadway. This expenditure was estimated by him to be $10,000.
Irrespective of whose testimony may be accepted with respect to severance damages, the Department of Highways contends that such cost has been more than offset and compensated by the benefits accruing to the property by virtue of the construction of the project.
Thus, by this appeal, the issues with respect to the value of the property taken and the extent of the severance damages are now before us for resolution. In resolving these issues we are governed by the provisions of law found in LSA-R.S. 48:453 which declare that the market value of property expropriated is determined as of the date the estimated compensation was deposited in the registry of the court, and that the severance damage to the remainder of the property is determined as of the date of the trial. In either instance, the burden of proof is upon the defendant to establish his claim.
First, for consideration is the value of the property taken. This property was originally in a poorly developed residential area. It was without city conveniences, having neither water nor sewerage. Whatever development the area had experienced was without the benefit of zoning, as a consequence of which the setback of houses was irregular, and several of the houses were of substandard construction. Monkhouse Drive, upon which the property was located, extended from Greenwood Road (U.S. Highway 80) to a point 342 feet north of an abandoned railroad right of way.
Hunter’s evaluation of the property taken, as well as that remaining in the tract, was 5‡ per square foot. This evaluation was based upon four sales of purported comparable property in 1959. From these sales Hunter reached a conclusion that the subject property, based on its size, shape, location, and topographical features, was valued at 5‡ per square foot, and that the tract taken had a value of $380. However, Hunter testified with respect to four other sales of comparable property taking place within the same period of time as were the four that he used as a basis for his appraisal. According to the average price paid for these latter tracts, the property had a market value of 27.3‡ per square foot. The witness’ failure to consider these sales was based on his assumption that they were affected by the proposed improvements. There is no showing or proof of any fact that tends to support this conclusion.
In State Through Dept, of Highways v. Johnson, 141 So.2d 54 (La.App., 2d Cir. 1962 — cert, denied), the two appraisers for the State appraised the property therein expropriated at 30‡ and 20‡ per square foot, respectively. The property therein concerned was located in the same subdivision and diagonally across Monkhouse Drive from the property the value of which is now being considered. The trial court in the cited case accepted the testimony of the appraiser who appraised the property at 20‡ per square foot. There being no showing of error, this court approved that determination.
The principle is well established that the measure of value of property taken for public use is the market value of the property at the time of the institution of the action for expropriation.
State v. Landry, 219 La. 721, 53 So.2d 908 (1951);
State Through Dept, of Highways v. Johnson, supra.
*879 The reason for the rule is that the owner of the land owns the property in perfect ownership until the date of its taking, and accordingly, any increment in its value resulting from any cause other than that occasioned by the improvement proposed by the expropriating authority inures to his benefit.
Opelousas, G. & N. E. Ry. Co. v. St. Landry Cotton Oil Co., 118 La. 290, 42 So. 940 (1907);
Louisiana Ry. & Nav. Co. Xavier, Realty, 115 La. 328, 39 So. 1, 6 (1905).
Hunter, who testified on behalf of the State in the instant case, was the only expert who testified relative to the property’s value. An average of the sale prices which he rejected for no good reason was, as heretofore noted, 27.per square foot. The value of the tract of the property taken, predicated upon that basis, is $2,009.33. For this amount, less $380 deposited in court and withdrawn by defendant, we conclude defendant should have judgment in compensation for the property expropriated. On the net amount, $1,621.33, defendant is entitled to 5% per annum interest from the date of the taking of the property on August 3, 1961, until paid. LSA-R.S. 48:455.
With particular reference to the question of severance damages, there is a further rule that, when private property is damaged for public purposes, the measure of compensation is the diminution in the market value of the property damaged.
Thomas & Warner, Inc. v. City of New Orleans, 230 La. 1024, 89 So.2d 885, 887 (1956);
McMahon v. St. Louis A. & T. R. Co., 41 La.Ann. 827, 6 So. 640, 641 (1889).
Thus, the rule has developed that, although general benefits shared alike by all property owners in the neighborhood or community cannot be offset or compensated by the amount of severance damages sustained to remaining property, any special or peculiar benefits accruing to the remaining land, by reason of its relationship or location adjacent to the improvement, may be set off against severance damages to .the remaining land.
Thomas & Warner, Inc. v. City of New Orleans, supra;
Louisiana Highway Commission v. Grey, 197 La. 942, 2 So.2d 654 (1941);
Louisiana Power and Light Company v. Lasseigne, 220 So.2d 462 (La.App. 4th Cir. 1969);
City of Natchitoches v. Cox, 135 So.2d 302 (La.App., 3d Cir. 1961).
From sales of comparable property since Interstate 20 and this intersection have been completed, particluarly with reference to a sale of property across Monkhouse Drive and other sales in the vicinity, the average price of which was 82‡ per square foot. Hunter calculated the special benefits accruing to the remainder of the property at $66,470, which greatly exceeds any claim made for severance damages. We conclude .that defendant’s demands for such damages were properly denied.
Accordingly, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed that defendant, David Brandt, have and recover judgment against plaintiff, State of Louisiana, through the Department of Highways, for the full sum of $1,621.33, with 5% per annum interest thereon from August 3, 1961, until paid, and for all such costs as are assessable against the State through the Department of Highways; and the fee of the expert witness, Billy M. Ferguson, testifying on behalf of the defendant, be and the same is hereby fixed at the sum of $50 and, as such, taxed as cost.
Reversed and rendered.