O’NIELL, C. J.
 

 This is an expropriation suit. The property consists of two adjoining lots in McDonoughville, now in the city of Gretna, on one of which lots is a two-story residence. The two lots have a total measurement of 128 feet front by the depth of 160 feet, and form the corner of the intersection of Jefferson and Anson streets. The property is on a street railway, is in the square in which the post office is located, is near a public school and two churches, and is equipped with the modem conveniences of a city residence. It is rented to a bank cashier, who pays only $50 a month rent. The house is about 8 or 10 years old. It would cost about $10,000 to rebuild it; and the two lots would be worth about $5,000 if they were vacant. The railroad company, before bringing the suit, offered the defendants $9,500 for the property, which offer they refused. They claimed $20,000 in their answer to the suit. The jury of freeholders allowed them $15,000. The court gave judgment accordingly, condemning the defendants to deliver the property, and the plaintiff to pay $15,000 compensation, from which judgment the plaintiff has appealed.
 

 It appears that the property belonged to the marital community between Anthony Rouprich and his wife, Sophie Mitchell Rouprich, who is dead. The defendants, therefore, are Anthony Rouprich and his children. In their petition to he sent into possession of the property of the deceased, Anthony Rouprich and the children alleged that the corner lot, with the residence on it, was worth $8,500, and that the other lot was worth $1,-000. The plaintiff, therefore, contends that the defendants are bound by the valuations which they put upon the property for the purpose of showing that they owed no inheritance tax on it. It is not fair to assume that the property was undervalued by the defendants for the purpose of exempting it from an inheritance tax, because the exemptions were such that there was no possibility of appraising the estate so .high as to subject it to an inheritance tax. The value put upon each item of property in the petition for possession was therefore a matter of no concern whatever to the surviving husband and children of the deceased; and they probably paid no attention to it when they signed the affidavit attached to the petition. There is no principle of law on which we could hold— and there would be no justice in our holding— that the defendants are bound to accept as the price of their property the value which was put upon it in the petition on which they were sent into possession of the share belonging to the succession of Mrs. Rouprich.
 

 If we should add to what it would cost to rebuild the residence the value which the two lots would have if they were vacant, the result would be approximately the amount which the jury of freeholders has allowed. But that is not always — if, in fact, it ever is — a fair method of calculating the value of improved property. The question is, not what the house and lots would be worth separately, but what they are worth as they are. In estimating the value of improved real estate, the court has to deal with a condition — not a theory. From the smallness of the rental which the tenant pays for occupying the property, we assume that it is not worth what it would cost to buy the lots, if they were vacant, and rebuild the house. It is evident that the property is not worth
 
 *355
 
 as much as an investment as it would be to one who would occupy it as a residencei , No one would buy this property as an investment at the price which the jury of freeholders has allowed for it.
 

 It would serve no useful purpose to publish a review and analysis of the divers and diverse theories on which the witnesses based their estimates — ranging all the way from $9,500 to $16,140. Our conclusion is that the amount allowed by the jury of freeholders should be reduced to $12,500.
 

 The judgment appealed from is amended by reducing the amount allowed the defendants to $12,500, and,' as amended, the judgment is affirmed. The appellees shall pay the costs of appeal, and the appellant all other court costs.
 

 ST. PAUL, X, recused.