76 So.2d 398

**STATE of Louisiana, through Department of Highways,**

**v.**

**Mrs. Gertrude W. CHADICK.**

**No. 41395.**

Nov. 8, 1954.

Rehearing Denied Dec. 13, 1954.

Donald C. Dickson, Shreveport, for defendant-appellant.

W. Crosby Pegues, Jr., D. Ross Banister, Philip K. Jones, Baton Rouge, Francis X. Vinet, New Orleans, Louis S. Quinn, Baton Rouge, for plaintiff-appellee.

PONDER, Justice.

The State of Louisiana, through the Department of Highways, brought these proceedings against the defendant to expropriate Lot 79 and the West half of Lot 78, located in the Valencia Subdivision of the City of Shreveport, Parish of Caddo, and improvements thereon, for highway purposes. The property lies wholly within the right-of-way for the re-routing of State Highway No. 20, entering Shreveport from the southeast along an extension of Youree Drive, which will connect it into Spring and Market Streets in downtown Shreveport. The defendant put at issue only the value of the property. On hearing, the trial court gave judgment awarding the defendant $2,000 for the land and improvements. The defendant has appealed.

The defendant contends on this appeal that the compensation awarded by the trial judge is inadequate and that the award should be increased to $5,000.

These proceedings were brought under the provisions of Act 325 of 1948, LSA-R.S. 19:1 et seq. This statute provides the method to be used in arriving at the compensation to be awarded for property taken in expropriation proceedings, as follows: "In estimating the value of the property to be expropriated, the basis of assessment shall be the value which the property possessed before the contemplated improvement was proposed, without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work." LSA–R.S. 19:9.

"The rule is well settled that the measure of value of property expropriated for public use is the market value of the property at the date of institution of the expropriation suit." State v. Landry, 219 La. 721, 53 So.2d 908, 910.

In arriving at the market value of the property at the date of the institution of the expropriation suit, consideration must be taken of any and all uses to which the property is adapted, exclusive of any increase in value that may be given by the contemplated improvements. Louisiana R. & Nav. Co. v. Xavier Realty Company, 115 La. 328, 39 So. 1.

There seems to be no dispute as to the law applicable to this case and the question presented is only a question of fact or the weight to be given to the testimony of the various witnesses. The evidence offered by the plaintiff consists of the testimony of three realtors who were appointed by the Shreveport Board of Realtors, at the request of the plaintiff, to examine and ap-

praise the value of the property. These witnesses have no connection with either party to these proceedings, except as above indicated. Only one of these realtors, Mr. May, testified at the trial of the case, but it was stipulated in the record that it was agreed by counsel for both parties that the other two, qualified realtors, if called as witnesses, would testify substantially the same as Mr. May had testified. Mr. May testified that they appraised the value of the building at $1,200 and the land at $750, making a total of $1,950. The trial judge stated in his opinion that he reviewed the property by looking at it from the outside and that Mr. May's description of the property conforms to its outward appearance.

Three witnesses, besides the defendant, testified on behalf of the defendant, an insurance man, a building contractor and a local realtor. The insurance man gave an estimate of what he termed the insurance value of the building located on the property as being $3,000. He was not asked to testify as to the market value of the property and gave no explanation at how he arrived at the "insurance value" of the building. The contractor testified that he had been engaged in constructing a number of buildings to be occupied by colored people and that he estimated it would cost $6,200 to construct a similar building. The replacement cost of improvements sought to be expropriated could

not be accepted as the actual value of the improvements. Texas Pacific-Missouri Pacific Terminal Railway of New Orleans v. Rouprich, 166 La. 352, 117 So. 276. It is obvious from the testimony of this contractor that it was based on the present building costs and building standards and regulations of the City of Shreveport. It appears from the testimony of the plaintiff's witnesses that the building is cheaply constructed, in bad repair, that the foundation is weak, the floor, roof and porches sag, and that part of the composition on the roof has been blown away, exposing the sheeting beneath. The realtor who testified for the defendant stated that in his opinion the land was worth $3,000. He did not make an appraisal of the building. He stated that he did not look at the house. The trial judge states that the value placed by this realtor is so far out of line with the testimony of the other realtors' testimony and the recent prices paid for similar property in the vicinity that it is exaggerated. The defendant testified that she paid $850.00 in 1941 for the premises and that the improvements at that time consisted of a large one-room building. She testified that she had added to the building a small room on the side, an upstairs room, an outside stairway and had installed plumbing fixtures in the building.

The trial judge arrived at the conclusion that the appraisal made by the three realtors who testified for the plaintiff fixed

·the true value of the property. From an ·examination of the record it appears that the conclusion reached by the trial judge is correct. The property is located at the end of a street and cut off from through traffic by the levee. The building is in poor repair and is not constructed in conformity with the present regulations of the building code of the city. It is presently used as a saloon at a rental of $7.50 per week. It appears that a lot and a half in the same subdivision was sold for $300 in the year 1949, a lot was sold in the subdivision for $250 in 1948, and that another lot and a half in the near vicinity was sold for $250 in 1950.

Counsel for the defendant contends that the lower court erred in refusing to grant him a new trial on the ground the One Thousand Dollars worth of fixtures in the building were not considered in arriving at the award. The trial judge was of the opinion that the value placed by the three realtors who testified for the plaintiff was the true market value. It appears that these realtors thoroughly examined the building, measured it and took into consideration all the fixtures in arriving at their estimate as to the value of the building.

For the reasons assigned, the judgment is affirmed; the costs of appeal to be paid by defendant, appellant.