LOTTINGER, Judge.
This is a suit by the State of Louisiana, through the Department of Highways, against Mrs. Helene Reuss Hayward to expropriate a servitude for a borrow pit area. Simultaneously with the filing of the suit petitioner deposited the sum of Seven Hundred Fifty-three ($753.00) Dollars in the Registry of the Court as compensation for the value of the property to be taken. The Lower Court rendered judgment in favor of petitioner and against defendant, but increased the amount of the award to One Thousand Eight Hundred Eighty-three and 18/100 ($1,883.18) Dollars. The defendant has taken this appeal.
The record discloses that the Louisiana Department of Highways was in the process of constructing a highway project in the Parish of Ascension, State of Louisiana. In order to properly construct this highway, it was necessary to use a certain type of river sand as a foundation, and the representatives of the Highway Department took soil borings in the area to discover the location of the appropriate type of sand. The sand needed was found on a portion of a tract of land'owned by defendant, which portion of land comprised 2.954 acres, and which lies on the batture between the levee and the Mississippi River. It extends for almost the entire width of respondent’s property.
Under the provisions of LSA-R.S. 48:-441 et seq. the petitioner entered the property in question and removed 60,000 cubic yards of the river sand therefrom. After the petitioner had taken this amount of sand, there remained a borrow pit covering 2.954 acres and a depth of about ten feet.
The petitioner filed this suit for a temporary servitude, only for the purposes of removal of the sand from the property of defendant, and deposited the sum of Seven Hundred Fifty-three ($753.00) Dollars into the Registry of the Court as compensation for the value of the property taken. The Lower Court rendered judgment in favor of petitioner and against defendant, but increased the award to the sum of One Thousand Eight Hundred Eighty-three and 18/100 ($1,883.18) Dollars. The defendant has taken this appeal.
Article 1, Section 2 of the Louisiana Constitution, L.S.A., provides that no private property shall be taken or damaged except for public purposes and after just and adequate compensation is paid. LSA-R.S. 19:9, relative to the measure of compensation in expropriation suits provides as follows:
“In estimating the value of the property to be expropriated, the basis of assessment shall be the value which the property possessed before the contemplated improvement was proposed, without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work.”
This suit is unique inasmuch as the petitioner seeks only a temporary servitude on the property for the specific use as a bor *834 row pit arca and the excavation of earth material therefrom. In order to locate the specific type of soil which was needed for the sub-surface of the highway to be constructed, the representatives of petitioner took soil borings in various locations, and found fifteen pit sites which were suitable. It was necessary that the soil be predominantly sandy and that it have a low plasticity index.
The petitioner contends that the value of compensation due for this temporary servitude should be based upon the sales of similar or comparable properties in the vicinity. In reaching its appraisal as to the value of the servitude, the Lower Court considered sales of property in the neighborhood with no regard being given to the particular type of soil which comprised these properties. The defendant, on the other hand, has shown that comparable sales of this particular type of river sand had been made for the sum of twenty-five (250) cents per cubic yard, and, therefore, claims that this should be the basis of the award by this Court.
In placing the value on property taken by expropriation proceedings, we should consider the highest and best use of the land to be used. The Courts have held that in arriving at the market value of the property at the date of the institution of the expropriation suit, consideration must be taken of any and all uses to which the property is adapted. Louisiana R. & Nav. Co. v. Xavier Realty, 115 La. 328, 39 So. 1; State v. Chadick, 226 La. 367, 76 So.2d 398; City of Shreveport v. Abe Meyer Corp., 219 La. 128, 52 So.2d 445. In this particular case the Highway Department did not want ordinary land which was found in the area, but took great pains to make various soil borings to find this particular type of material. The sole and only reason of this expropriation suit by the petitioner was for the particular purpose of removing 60,000 cubic yards of this river sand from the defendant’s property. We feel that under the facts peculiar to this particular case, when the State makes borings to find a particular type of sand to be removed from the property, the value of the property expropriated should be the value of the sand removed.
The evidence discloses without contradiction that 60,000 yards of this material was removed from defendant’s property, and that the value of this material was twenty-five (25^) cents per yard. We feel that the Lower Court erred in its decision as to quantum, and the judgment of the Lower Court will be amended accordingly.
For the reasons hereinabove assigned, the judgment of the Lower Court is amended to increase the amount of the award to the sum of Fifteen Thousand ($15,000.-00) Dollars and, as amended, the judgment will be affirmed. All costs of this appeal are to be paid by petitioner.
Judgment amended and affirmed.